NOT DESIGNATED FOR PUBLICATION

No. 123,758

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT MATTHEW DAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Opinion filed August 5, 2022. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: This is a direct criminal appeal by Scott Matthew Day. He seeks reversal of his convictions because of the admission of evidence seized through an alleged illegal search. Day also claims the trial court erred when it failed to confirm the jury's verdict and failed to treat his motion for a new trial as a K.S.A. 60-1507 motion and hold an evidentiary hearing on his claims of deficient performance by his trial attorney.

1

We are not persuaded to reverse. First, the discovery of a scale with methamphetamine residue on it and a butane torch created sufficient probable cause for the police to search Day's car. Second, at his trial, Day failed to object to the procedures the trial court used; thus, he has failed to preserve for appellate review whether the trial court properly confirmed the verdict. Finally, we know of no rule or case that requires a trial court to treat a motion for a new trial as if it were a motion for habeas corpus relief under K.S.A. 60-1507. This is especially true here where there was no mention of deficient trial counsel performance in Day's motion for a new trial.

*Arrested for driving while his license was suspended, Day and his car were searched.*

In May 2019, a Jackson County sheriff's deputy stopped a car being driven by Day because the window tint seemed too dark. There was an adult male passenger and two child passengers in the car. When the deputy approached the car, he spotted a butane torch in Day's lap. The deputy checked the windows on Day's car, and they were darker than what is legally allowed. He then asked Day for his driving license.

The deputy learned from dispatch that Day's driving license was suspended. Another officer then contacted the deputy and told him that Day may be carrying methamphetamine. The deputy arrested Day for driving while suspended and searched him incident to arrest. He found a small digital scale in Day's pocket. Day immediately told him he used it to weigh jewelry. There were small pieces of white residue on the scale. The deputy placed Day in his patrol car and field tested the residue from the scale. The test showed a presumptive positive for methamphetamine.

The deputy and the second officer then searched Day's car. They found a small plastic zip lock bag with white crystal in it and a pen tube with white residue in it. The deputy field tested the bag and pen tube; both tested positive for methamphetamine. He then released the car to Day's passenger and took Day to the Jackson County Jail. Only

2

the zip lock bag was tested by the KBI. The KBI later confirmed it contained methamphetamine.

The State charged Day with possession of methamphetamine, possession of drug paraphernalia, and driving while suspended. Day moved to suppress evidence, arguing that the search of his car was illegal. He argued that none of the exceptions allowing a warrantless search of a car applied to his situation. A hearing was held on the motion to suppress. Counsel argued their positions but presented no testimony. Instead, they entered the body cam video into evidence. The trial court ultimately denied Day's motion to suppress, relying on the automobile exception. The court found that the positive field test of the digital scale residue and the deputy's observation of a butane torch in Day's lap provided probable cause to search the vehicle.

Only three witnesses testified at the jury trial: the two officers and a KBI technician who testified that the baggie found in Day's car contained methamphetamine.

The jury found Day guilty of all three crimes. The trial court sentenced Day to a suspended 17-month term in prison and 18 months of probation.

Day makes three arguments on appeal:
(1) The trial court erred by denying his motion to suppress;
(2) the trial court did not properly accept the jury's verdict; and
(3) the case should be remanded to the trial court for a full evidentiary hearing on his ineffective assistance of counsel claim.

*We find no error in the trial court's denial of the motion to suppress.*

In his motion to suppress, Day argued that his Fourth Amendment rights were violated when the deputies searched his car without a warrant. Day argued that the search

did not fall within any of the exceptions to the search warrant requirement. He asked the trial court to suppress the evidence found in his car—the baggie of methamphetamine and the pen tube.

Unmoved, the trial court denied Day's motion. The court found that the probable cause plus exigent circumstances exception applied, specifically the automobile exception. The court found that the presumptive positive test of the residue from the digital pocket scale and the observation of the butane torch provided probable cause to search Day's vehicle. Day argues that the trial court erred in finding that the warrantless search of his car was justified by the automobile exception.

*We list the pertinent rules.*

Under our constitutional society, search warrants are preferred to uncontrolled police action. A warrantless search is per se unreasonable unless it falls within one of the established exceptions to the search warrant requirement. Those exceptions are
(1) consent;
(2) search incident to lawful arrest;
(3) stop and frisk;
(4) probable cause plus exigent circumstances;
(5) the emergency doctrine;
(6) inventory searches;
(7) plain view or feel; and
(8) administrative searches of closely regulated businesses.
*State v. Howard*, 305 Kan. 985, Syl. ¶ 3, 389 P.3d 1280 (2017).

Over the years, an automobile exception to the search warrant requirement has grown. In *State v. Overman*, 301 Kan. 704, Syl. ¶ 3, 348 P.3d 516 (2015), the Kansas

Supreme Court discussed the automobile exception, a subclass of the probable cause plus exigent circumstances exception:

> "Under the automobile exception, the mobility of the vehicle establishes the requisite exigency, thereby permitting a vehicle search based on probable cause alone. Probable cause to search the vehicle can be established if the totality of the circumstances indicates there is a fair probability that the vehicle contains contraband or evidence."

Day argues that the facts the court relied on do not rise to the level of probable cause. He notes that the butane torch was a legal item and its presence alone did not provide probable cause. Day asserts that the positive field test of the scale residue did not provide probable cause because it did not show a fair probability that contraband would be found in the car.

In opposition, the State argues that the trial court correctly found that the automobile exception applied. It says that the deputies had probable cause to search anywhere in Day's vehicle where drugs or paraphernalia could be found after the white residue on Day's pocket scale field tested positive for methamphetamine.

Probable cause to search a vehicle can be established if the circumstances show there is a fair probability that the vehicle contains contraband or evidence. *Overman*, 301 Kan. at 711. Even though Day was arrested for driving while suspended, when the deputy searched Day, he found a small digital scale in Day's pocket. Day immediately claimed he used the scale for weighing jewelry. But the deputy knew digital scales could be used to weigh narcotics and when he opened the scale, he found white residue, which field tested positive for methamphetamine.

In addition, when the deputy first stopped Day, he noticed a butane torch sitting in Day's lap. Although the trial court did not mention it in the order denying the motion to

5

suppress, the second officer called the deputy and told him that Day may be carrying or connected with methamphetamine. This can be heard in the body cam video and the deputy testified accordingly at the preliminary hearing.

Even though the butane torch was a legal item, as Day points out, it was not the only basis for the warrantless search. All of these circumstances, when considered together, show a fair probability that there was contraband or evidence in Day's car. The trial court did not err by denying Day's motion to suppress the evidence found in his car. There is no reason here to reverse Day's convictions.

*A party must object at trial to preserve an issue for appellate review.*

Day argues that the trial court erred by not complying with K.S.A. 22-3421—a statute that requires court verification of a jury's verdict.

> "The verdict shall be written, signed by the presiding juror and read by the clerk to the jury, and the inquiry made whether it is the jury's verdict. If any juror disagrees, the jury must be sent out again; but if no disagreement is expressed, and neither party requires the jury to be polled, the verdict is complete and the jury discharged from the case." K.S.A. 22-3421.

The trial transcript reveals that the trial court read the verdict form aloud and released the jury without asking if it was jury's verdict. But the transcript also reveals that no one objected to this omission by the trial court.

Issues of a trial judge's compliance with K.S.A. 22-3421 may not be raised for the first time on appeal. None of the exceptions to the general rule requiring preservation of an issue for appeal apply. *State v. Cheffen*, 297 Kan. 689, Syl. ¶ 3, 303 P.3d 1261 (2013).

6

A party wishing to challenge the trial court's procedure for asking about a jury's verdict must first raise the issue with the trial court, either in the form of a contemporaneous objection or posttrial motion. *Cheffen*, 297 Kan. at 698. The defense did not object when the trial court read the verdict or released the jurors. Day did not raise the issue in either of his posttrial motions.

Day did not preserve this issue for our review. We will not review it.

*Under the circumstances, we see no reason to order an evidentiary hearing on Day's claims of ineffective assistance of trial counsel.*

Arguing insufficient evidence, Day filed a motion for new trial and a motion for judgment of acquittal. Day's trial counsel withdrew, and new counsel was appointed. The trial court took up the motions at the sentencing hearing. Day testified about some factual issues he thought the court should consider. Day also alleged that his trial counsel was ineffective for failing to contact or present witnesses on his behalf. Day said his trial counsel should have called Mark Douglas—a passenger in the car when he was arrested— and Mark's wife Trish. He could not say what their testimony would be. Day did not mention ineffective assistance of counsel in his written motion for a new trial. The defense presented no other testimony on the motions.

The district court denied both motions, noting that the case was about as well-tried as it could be. It did not address Day's claim of ineffective assistance of counsel in denying the motions.

To us, Day admits he did not make a habeas corpus claim for relief under K.S.A. 60-1507, but he argues his motion for a new trial was the equivalent. But there was no mention of ineffective assistance of counsel in that motion—he simply said he wanted his

7

lawyer to call Mark and Trish to testify. The record reveals nothing about what their testimony would be.

For support, Day cites *State v. Reed*, 302 Kan. 227, 352 P.3d 530 (2015). In *Reed*, the Kansas Supreme Court discussed the rulings in several cases involving ineffective assistance of counsel claims raised in motions for new trial. The primary issue in those cases was whether the trial court should have appointed counsel to handle the motions for new trial. The *Reed* court explained that a timely motion for new trial requires counsel for the defendant because it is a critical stage of a criminal proceeding. 302 Kan. at 236.

On the other hand, an untimely motion for new trial is considered under K.S.A. 22-4506, which applies to collateral attacks. *Reed*, 302 Kan. at 236. This distinction is important regarding the appointment of counsel because for untimely motions, the trial court may determine whether substantial questions of law or fact are raised and summarily deny the motion without appointing counsel. *State v. Kirby*, 272 Kan. 1170, 1194, 39 P.3d 1 (2002). This case does not involve the appointment of counsel because the trial court had appointed new counsel for Day. The question we have is only whether an additional evidentiary hearing is required.

Day's motion for new trial was timely filed. But the motion for new trial did not raise any ineffective assistance of counsel issues. Day did not raise an ineffective assistance of counsel claim until the court addressed his motion for new trial at sentencing—over a year after he was convicted.

Under these circumstances, we see no reason to consider Day's posttrial motions to be equivalent to a K.S.A. 60-1507 motion claiming ineffective assistance of trial counsel. The motions were properly denied by the trial court. We see no reason to remand for an evidentiary hearing.

Affirmed.